UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-420-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **IVAN CABRERA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 32). The Government opposes Defendant's motion. (Doc. No. 37). Because Defendant is ineligible for sentence reduction under Amendment 821, the Court will deny Defendant's motion.

**I.  Background**

The United States Attorney charged Defendant with credit fraud in December 2020. (Doc. No. 1). Defendant entered into a plea agreement and pleaded guilty to the fraud offense. (Doc. Nos. 3, 7). Pursuant to the plea agreement, Defendant admitted that he caused a loss of more than $150,000 and agreed that he should receive a two-offense-level increase for obstruction of justice. (Doc. No. 3 ¶ 7).

Based on a total offense level of 15 and a criminal history category of I, the probation office found that the Sentencing Guidelines advised a sentence of between 18 and 24 months in prison. (Doc. No. 16 ¶¶ 34, 53, 83). The Court varied downward and sentenced Defendant to probation only. Defendant's probation supervision was transferred to the Middle District of North Carolina in May 2022. MDNC Case No. 1:22CR147-WO, Doc. 1. In April 2023, that

1

Court revoked Defendant's probation and sentenced him to 27 months in prison. Defendant now moves this Court to reduce his sentence under amendment 821 to the Sentencing Guidelines.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) she used violence or credible threats of violence in connection with her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) she personally caused substantial financial hardship; (6) she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district

2

Case 3:20-cr-00420-MOC-SCR   Document 38   Filed 02/12/24   Page 2 of 4

court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is ineligible for sentence reduction under Amendment 821 because this Court did not sentence him to an active prison term. This Court sentenced Defendant to probation only. Defendant's current prison sentence is based on the Middle District of North Carolina's revocation of that probation. There is no prison sentence for this Court to reduce.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to USSC Amendment 821, (Doc. No. 32), is **DENIED**.

3

**IT IS FURTHER ORDERED** that the Government's motion for extension of time to file response (Doc. No. 36) is terminated as **MOOT**.

*[Signature]*

Max O. Cogburn Jr
United States District Judge

Signed: February 12, 2024